UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER NOYES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-cv-00157-SDN |

**ORDER**

Before the Court is the August 13, 2026, Motion to Enforce Stipulation of Dismissal and Motion for Sanctions Pursuant to Maine Rule of Civil Procedure 93(j) and 14 M.R.S. § 6321-A(12), filed by Defendant Jennifer Terison, formerly known as Jennifer Noyes ("Terison"). ECF No. 14. Plaintiff United States Department of Agriculture ("USDA") did not file a response.

**I. Procedural Posture**

USDA commenced this foreclosure action against Ms. Terison. ECF No. 1. On September 12, 2025, the parties filed a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 11. The stipulation dismissed the action with prejudice and provided the dismissal was "with prejudice and without costs to either party." *Id.* A dismissal under Rule 41(a)(1)(A)(ii) is self-executing and ordinarily does not require a court order. Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, this Order does not reopen the foreclosure action nor resolve every aspect of the parties' post-dismissal loan-servicing relationship.

In a September 17, 2025, Status Report, USDA confirmed the parties had conferred "and are in agreement that a Motion to Dismiss will be filed with the Court." ECF No. 12 at 1.

On August 13, 2026, Ms. Terison moved to enforce the stipulation and requested sanctions. ECF No. 14. In support of her motion, she submitted a declaration and additional documentation. ECF No. 14-1–11. USDA did not file an objection or other response.

## II. Factual Background[1]

In June 2025, Ms. Terison secured a grant from the federal Homeowner Assistance Fund ("HAF") to cure the default underlying this foreclosure action. ECF No. 14-1 ¶¶ 7, 13. On July 16, 2025, USDA received $52,840.18 in HAF funds and applied them to reinstate the loan. ECF No. 14-4 at 3–5.

The parties participated in foreclosure-diversion mediation on September 12, 2025. ECF No. 14-1 ¶ 14. At mediation, USDA confirmed it had received and applied the HAF funds and the loan had been reinstated. ECF No. 14-1 ¶¶ 14–15. Ms. Terison specifically asked USDA to explain the unapplied balance and approximately $811 in fees and late charges remaining on her account after the HAF payment. ECF No. 14-1 ¶ 20. USDA agreed to investigate those amounts and provide additional information. ECF No. 14-1 ¶¶ 16–20.

USDA later emailed Ms. Terison a written accounting identifying $53.28 in inspection fees and $721.38 in late charges. ECF No. 14-3 at 1. In that same September

---

[1] The Court relies on the facts set out in Ms. Terison's declaration and supporting materials. ECF No. 14-1. USDA has not disputed those facts, waiving opposition. *See* D. Me. Loc. R. 7(b)(2) (providing a party waives an objection or response by failing to file it timely); *see, e.g.*, *NEPSK, Inc. v. Town of Houlton*, 293 F.3d 1, 3 (1st Cir. 2002) (affirming district court decision to grant motion for judgment on the pleadings based on defendant's failure to respond to motion as required by Maine Local Rule 7(b)).

16, 2025, email, USDA stated: "As of today, we have not received any current possible foreclosure fees that may be due, but not yet billed." *Id.*

The parties filed a stipulation of dismissal on September 15, 2025. ECF No. 11. The stipulation dismissed the action "with prejudice and without costs to either party." *Id.*

In December 2025, USDA added $9,302.00 to Ms. Terison's loan account. ECF No. 14-6. A December 22, 2025, billing statement listed that amount as "newly added fees," in addition to the regular monthly installment. ECF No. 14 at 4; ECF No. 14-1 ¶¶ 31–33. Ms. Terison challenged the charge. ECF No. 14-7. USDA later explained that its foreclosure vendor had submitted a final bill in that amount and described the charge as a foreclosure fee that "should have been quoted prior to the reinstatement." ECF No. 14-7 at 2; *see also* ECF No. 14-8. The fee breakdown identifies the $9,302.00 charge as "FCL Over & Above Services (T&M)" and lists July 16, 2025—the date USDA received the HAF payment and nearly two months prior to the mediation and delineation of costs and fees—as its completion date. ECF No. 14-8.

The asserted amounts continued to increase in subsequent months. ECF No. 14 at 4–6. The record further reflects that Treasury withheld a portion of Ms. Terison's Social Security Disability Insurance ("SSDI") benefits to collect a USDA loan delinquency. ECF No. 14-1 ¶¶ 39, 49, 51; ECF Nos. 14-9, 14-10.

Ms. Terison asks the Court to order USDA to: (1) remove from the loan all costs related to this foreclosure action, all costs arising from a default that existed before July 16, 2025, and all fees or penalties assessed because of the loan's default status from March 2026 through the date of this Order; (2) cause the United States Treasury Department ("Treasury") to stop offsetting her SSDI benefits; (3) correct its loan-

accounting records to reflect that she is current and in good standing, with no past-due principal, interest, escrow, or fees, and that only her next scheduled monthly installment is due; and (4) pay her reasonable attorney's fees and costs incurred in bringing this motion. ECF No. 14 at 10.

## II. Discussion

USDA waived any objection to Ms. Terison's motion by failing to file a timely response. *See* D. Me. Loc. R. 7(b)(2) ("If a timely objection or response is not filed, it is waived."). The Court nonetheless has reviewed Ms. Terison's motion, declaration, and supporting materials to determine whether they establish a basis for the relief awarded.

USDA has identified neither a factual dispute nor a legal basis to deny relief, *see NEPSK, Inc. v. Town of Houlton,* 293 F.3d 1, 3–5 (1st Cir. 2002) (affirming the grant of a motion for judgment on the pleadings where the opposing party failed to respond as required by the applicable local rule); *see also Labranche v. United States Liberty Ins. Co.,* 786 F. Supp. 3d 262, 270 n.2 (D. Mass. 2025) (declining to grant dispositive relief "solely on Plaintiffs' failure to file an opposition," in light of the preference for resolving matters on the merits), and the Court need not independently develop arguments nor identify factual disputes on USDA's behalf.

Still, the fact that this action was dismissed pursuant to the parties' agreement does not, standing alone, give the Court jurisdiction to enforce the parties' post-dismissal agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). The Court may address collateral matters following dismissal, including matters concerning costs, attorney's fees, and sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Maine's foreclosure-mediation rules also require the parties and their

attorneys to make a good-faith effort to mediate all issues and authorize the Court to impose sanctions for a failure to do so. *See* 14 M.R.S. § 6321-A(12); M.R. Civ. P. 93(j).

The Court addresses the motion only to the extent it concerns the $9,302.00 foreclosure-related charge later added to Ms. Terison's loan account and any administrative offset attributable to that charge. The Court reserves ruling on Ms. Terison's request for sanctions based on USDA's alleged failure to make a good-faith effort to mediate. This Order does not disturb the parties' resolution of the amounts addressed in connection with the loan's reinstatement and dismissal of this action, nor determine the validity of any later-arising amounts otherwise due under the loan documents.

The parties' stipulation dismissed this action "with prejudice and without costs to either party." ECF No. 11. The Court construes that language according to its ordinary meaning and in the circumstances surrounding the parties' agreement. *See Mac's Shell Serv., Inc. v. Shell Oil Prods. Co. LLC*, 559 U.S. 175, 175–76 130 S. Ct. 1251, 1253, 176 L. Ed. 2d 36 (2010) (construing agreement terms using "ordinary meaning" in lieu of definitions); *see also C.A. Acquisition Newco, LLC v. DHL Exp. (USA), Inc.*, 696 F.3d 109, 113 (1st Cir. 2012) (interpreting agreement based on "ordinary meaning" and "circumstances surrounding the parties" when made). The Court need not decide whether the stipulation independently supports general enforcement jurisdiction. Rather, the stipulation and the parties' pre-dismissal communications supply the context for resolving the narrow cost-related issue presented here.

On the undisputed record, the $9,302.00 charge is a foreclosure-related cost related to this action. ECF No. 14-1 ¶¶ 32, 33, 42–43; ECF No. 14-6. Before dismissal, Ms. Terison asked USDA to identify and explain the fees remaining on her account. ECF No.

14-1 ¶ 20. USDA identified $53.28 in inspection fees and $721.38 in late charges, and reported that it had not received any "current possible foreclosure fees that may be due, but not yet billed." ECF No. 14-3 at 1. The $9,302.00 charge was not included in that accounting and is inconsistent with the parties' agreement to resolve this action with prejudice and without costs to either party. ECF No. 11. USDA may not assess, collect, or cause collection of that charge.

This Order does not alter Ms. Terison's underlying loan obligations or prevent USDA from collecting amounts otherwise properly due under the loan documents. It holds only that USDA may not assess or collect the $9,302.00 foreclosure-related charge—or any derivative charge—through administrative offset.

The Court declines, on the present record, to order USDA to treat Ms. Terison's account as current in all respects. The record reflects an increased escrow payment and additional monthly charges beginning in April 2026, but does not establish their basis or whether they are attributable to the foreclosure-related charge addressed here. ECF No. 14-1 ¶¶ 52–54.

The Court reserves ruling on Ms. Terison's request for attorney's fees, costs, and sanctions. USDA shall have an opportunity to address whether its conduct in the Foreclosure Diversion Program warrants sanctions and, if so, the appropriate relief. *See* 14 M.R.S. § 6321-A(12); M.R. Civ. P. 93(j).

**IV. Conclusion**

For these reasons, the Court **GRANTS IN PART** Defendant's motion. It is hereby **ORDERED:**

(1) USDA may not assess against, nor collect from, Ms. Terison the $9,302.00 foreclosure-related charge addressed in this Order.

(2) Within fourteen days after entry of this Order, USDA shall withdraw or correct the referral to Treasury to exclude the $9,302.00 charge and shall take all steps within its authority to request that the United States Department of the Treasury cease any offset attributable to that charge.

(3) Within fourteen days after entry of this Order, USDA shall withdraw or correct its referral to the United States Department of the Treasury to exclude the $9,302.00 charge. USDA also shall take all steps within its authority to request that Treasury cease any portion of an offset attributable to that charge.

(4) USDA shall SHOW CAUSE in writing, on or before October 16, 2026, why the Court should not award Ms. Terison reasonable attorney's fees and costs incurred in bringing this motion or impose other appropriate sanctions based on USDA's alleged failure to make a good-faith effort to mediate. *See* M.R. Civ. P. 93(j); 14 M.R.S. § 6321-A(12).

The Court reserves ruling on Ms. Terison's request for attorney fees, costs, and sanctions pending USDA's response to this Order to Show Cause.

Dated this 22nd day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**